JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Todd M. Bales, Esquire
11. East Second Street
Media, PA 19063, 484-468-1179

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Sections 1501 et seq

Brief description of cause:
Trademark infringement, unfair competition and false advertising

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
01/09/2018

SIGNATURE OF ATTORNEY OF RECORD
Todd M. Bales, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABF PIZZA, INC. *d/b/a* SANTUCCI'S ORIGINAL SQUARE PIZZA and SANTUCCI'S SQUARE PIZZA & PASTA IV, INC., | ) Civil Action )<br>)<br>) No. _____<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| GENE CARELLI and TERESA CARELLI *d/b/a* SANTUCCI SQUARE PIZZA & RESTAURANT, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiffs, ABF Pizza, Inc. and Santucci's Square Pizza & Pasta IV, Inc., by and through their undersigned counsel, files this complaint against Defendants, Gene Carelli and Teresa Carelli, and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, unfair competition and false advertising arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

## THE PARTIES

2.     Plaintiff ABF Pizza, Inc. ("ABF") is a Pennsylvania corporation with an address of 901 S. 10th Street, Philadelphia, Pennsylvania 19147.

3.     Plaintiff Santucci's Square Pizza & Pasta IV, Inc. ("SSPP") is a Pennsylvania corporation with an address of 4050 Woodhaven Road Knights Shopping Center, Philadelphia, Pennsylvania 19154.

4.     Defendants Gene Carelli and Teresa Carelli (collectively, "the Carellis") are married individuals and residents of the Commonwealth of Pennsylvania with an address of 4010 Cottman Avenue, Philadelphia, PA 19135.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

6.     This Court has personal jurisdiction over Defendants because Defendants reside in this state and district and operate a business in this state and district, and because the actions described herein took place in this state and in this district.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein occurred in this judicial district.

## FACTS

8.     ABF and its predecessors-in-interest have since 1960 used the name **SANTUCCI'S** as a trademark, and as a component of its marks, on and in connection with restaurant services, namely, a family owned and operated establishment serving pizza and other food and beverage items.

9.     ABF owns and operates the **SANTUCCI'S ORIGINAL SQUARE PIZZA** restaurants, three locations in the Philadelphia area at the following addresses: (1) 901 S. 10th Street, Philadelphia, PA 19147, (2) 655 North Broad Street, Philadelphia, PA 19123, and (3) 6164 Ridge Ave., Rocksborough, PA 19128.

10.     ABF actively promotes its services offered under the **SANTUCCI'S** mark, including via the website www.santuccispizza.com.

2

11.     On September 26, 1995, ABF's predecessor-in-interest was granted U.S. Trademark Registration No. 1922656 by the United States Patent and Trademark Office for the word mark **SANTUCCI'S ORIGINAL SQUARE PIZZA**, which registration states the mark has been used in commerce at least as early as June 1, 1960 on "restaurant services" in Class 42. ABF is the current owner of this registration that is valid, subsisting, in full force and effect, and *incontestable*. A copy of the registration certificate is attached hereto as Exhibit A.

12.     On July 25, 1995, ABF's predecessor-in-interest was granted U.S. Trademark Registration No. 1907754 by the United States Patent and Trademark Office for the design mark shown below, which registration states the mark has been used in commerce at least as early as September of 1984 on "restaurant services" in Class 42. ABF is the current owner of this registration that is valid, subsisting, in full force and effect, and *incontestable*. A copy of the registration certificate is attached hereto as Exhibit B.



13.     On December 27, 2016, ABF was granted U.S. Trademark Registration No. 5108009 by the United States Patent and Trademark Office for the design mark shown below, which registration states the mark has been used in commerce at least as early as July of 2013, on "restaurant and bar services" in Class 43. A copy of the registration certificate is attached hereto as Exhibit C.



14. ABF's use of the distinctive **SANTUCCI'S ORIGINAL SQUARE PIZZA** mark and the **Stylized "S"** marks shown above has been continuous and substantially exclusive for many years, and ABF has developed significant goodwill in each of these registered marks (hereinafter, the "**ABF Marks**"). The services offered under each of the **ABF Marks** are readily recognized and appreciated by consumers and the general public, and they are some of ABF's most valuable assets.

15. ABF and its predecessors in interest have spent significant time and money with advertising and promoting the services offered under the **ABF Marks** throughout the United States, and as a result, ABF and the **SANTUCCI'S ORIGINAL SQUARE PIZZA** restaurants have received positive feedback from customers and positive press from the restaurant industry. For instance, in the September 1, 2016, edition of The Daily Meal, ABF's restaurants were ranked #65 on the list of 101 Best Pizzas In America. And in the September 12, 2016, edition of GQ Magazine, Philadelphia Eagles player Connor Barwin was quoted as preferring pizza from the **SANTUCCI'S ORIGINAL SQUARE PIZZA** restaurant as a postgame food.

16. ABF has entered into a license agreement with Joseph Santucci and Plaintiff SSPP for use of the name **SANTUCCI'S** and in connection with a restaurant location at 4050 Woodhaven Rd., Philadephia, PA 19154.

17. SSPP is owner of U.S. Trademark Registration No. 4986416 for JOE SANTUCCI'S ORIGINAL SQUARE PIZZA BAR & GRILL, and has been using this mark in connection with "Retail shops featuring pizza and other food items" since at least July 1, 2008. A copy of the registration certificate is attached hereto as Exhibit D.

18. SSPP is owner of U.S. Trademark Registration No. 3522702 for JS JOE SANTUCCI'S ORIGINAL SQUARE PIZZA (Stylized), and has been using this mark in

connection with "Retail shops featuring pizza and other food items" since at least February 28, 2006. A copy of the registration certificate is attached hereto as Exhibit E.

19. SSPP is owner of U.S. Trademark Registration No. 2929427 for the design mark shown below, and has been using this mark in connection with "restaurant services" since at least April of 2003.



A copy of the registration certificate is attached hereto as Exhibit F.

20. Plaintiff SSPP has used the JOE SANTUCCI'S ORIGINAL SQUARE PIZZA BAR & GRILL mark, the JS JOE SANTUCCI'S ORIGINAL SQUARE PIZZA (Stylized) mark and the design mark SB ("the **SSPP Marks**") continuously and substantially for many years, and, as a result, has developed significant goodwill in the **SSPP Marks**. The services offered under each of the **SSPP Marks** are readily recognized and appreciated by consumers and the general public, and they are some of SSPP's most valuable assets.

21. The Carelli's also use the name **SANTUCCI'S** as a trade name, and as a component of a trade name, on and in connection with restaurant services, namely, a family owned and operated establishment serving pizza and other food and beverage items.

22. Upon information and belief, the Carelli's have since 1993 operated **"Santucci's Square Pizza and Restaurant"** in Philadelphia, located at 4010 Cottman Avenue, Philadelphia, PA 19135. A second location opened on Tyson Avenue in 1996, but has since closed. A third location recently opened at 460 W. Street Rd., Warminster, PA 18974.

23.     The Carelli's also use the Stylized "S" design on or in connection with their restaurant services and ancillary products, including but not limited to wine, as shown below:



24.     The Carelli's actively promote their restaurant, including via the website www.santuccis.com.

25.     The Carelli's restaurants, products, and services are not affiliated with or sponsored by ABF, and ABF has not authorized the Carelli's to use the **SANTUCCI'S** mark or the **Stylized "S"** marks in any manner. Nevertheless, the Carelli's have intentionally attempted to associate themselves and their business with the goodwill associated with the excellent reputation of ABF and the **ABF Marks**. The Carelli's attempts to intentionally mislead consumers include but are not limited to conducting interviews wherein the Carelli's claimed their restaurant was ranked #65 on The Daily Meal's list of 101 Best Pizzas in America and social media and website activity wherein the Carelli's have stated or implied that news concerning ABF was instead associated with the Carelli's.  For example, the Carrelli's have linked to the Daily Meal's list of 101 Best Pizzas in America ranking ABF as #65 on the Carelli's own website, have commented on a social media post identifying ABF's restaurant as "2016 BEST READERS' CHOICE:  PIZZA" in a "Best of Philly" poll to falsely imply that the Carelli's pizza was, instead voted "Best Pizza in Philly," and have commented on a social media post for the GQ Article about Connor Barwin to imply that Mr. Barwin's comments concerning ABF were instead about the Carrellis.  The Carelli's use of **SANTUCCI'S** and other willfully misleading conduct is likely to cause confusion and has caused confusion among the consumer public.

6

26.     Since 1995, SSPP has operated a restaurant location at 4000 Woodhaven Rd., Knights Shopping Center, Philadelphia, Pennsylvania 19154.

27.     The Carelli's third location at 460 W. Street Rd., Warminster, PA 18974 is less than 15 miles from SSPP Woodhaven Road restaurant.

28.     ABF and SSPP have received complaints and/or negative reviews from consumers believing the Carelli's restaurants, products, and services are those of ABF and/or ABF's licensees. Given the close proximity of the Carelli's third location to SSPP's Woodhaven Road location, SSPP has received a significant number of complaints from consumers confusing the Carelli's Warminster location for that SSPP's restaurant.

29.     Throughout 2016 and 2017, ABF and SSPP have been in discussions with the Carelli's regarding (a) the Carelli's expanding their business to a second location at 460 W. Street Rd., Warminster, PA 18974, (b) the Carelli's intentional attempts to cause confusion among consumers that the Carelli's restaurant, products, and services are affiliated with or sponsored by ABF, when that is not the case, and (c) a potential license agreement wherein the Carelli's would be permitted to use the name SANTUCCI'S under particular restrictions.

30.     The Carelli's have refused to voluntarily take any action to minimize the strong potential for confusion created by their willful actions described above.

## COUNT I
## Federal Trademark Infringement
## 15 U.S.C. § 1114

24.     ABF hereby repeats and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25.     This claim is brought under 15 U.S.C. § 1114.

26.   ABF has continuously and extensively used certain of the **ABF Marks** in the United States since at least as early as 1960, and has not abandoned any of its marks.

27.   ABF owns the federal trademark registrations for the **ABF Marks**, which registrations are valid, subsisting, and in full force and effect.

28.   ABF's use and registration of the **ABF Marks** in the United States for restaurant and bar services is prior to any date upon which the Carelli's can validly rely as the first date on which Defendants used the **SANTUCCI'S** word mark or the **Stylized "S"** design mark.

29.   Defendants' use of **SANTUCCI'S** as part of the "Santucci Square Pizza and Restaurant" name, and Defendants' use of the **Stylized "S"** mark, for restaurant services and ancillary products and services that are offered in the same geographic location to the same types of consumers, so resembles ABF's prior used and registered **ABF Marks** for closely related products and services offered within the same industry that it is likely to confuse, mislead, and deceive members of the public into believing that ABF has allowed, sponsored, approved, or licensed Defendants to provide competing products and services, or that Defendants are in some way connected to or affiliated with ABF.

30.   Any such confusion would result, and has resulted, in injury or have a direct impact on ABF's reputation and its ability to promote its own services under the **ABF Marks**. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation ABF has established for the services it offers under the **ABF Marks**.

31.   Defendants' activities are being carried out willfully, with constructive and actual notice of ABF's prior rights and registrations in and to the **ABF Marks**.

32.     Defendants are liable for infringement of the federally registered **ABF Marks** in violation of 15 U.S.C. § 1114.

33.     ABF is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on their sales of infringing products and services, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling ABF to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

34.     ABF has been and will continue to be irreparably injured by Defendants' conduct. ABF cannot be adequately compensated for these injuries by monetary remedies alone, and ABF has no adequate remedy at law for Defendants' infringement of its rights.  ABF is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

**COUNT II**
**Federal Trademark Infringement**
**16  U.S.C. § 1114**

35.     SSPP hereby repeats and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     This claim is brought under 15 U.S.C. § 1114.

37.     SSPP and/or its predecessors in interest have continuously and extensively used certain of the **SSPP Marks** in the United States since at least as early as 2003, and has not abandoned any of its marks.

38.     SSPP owns the federal trademark registrations for the **SSPP Marks**, which registrations are valid, subsisting, and in full force and effect.

39.     SSPP's use and registration of the **SSPP Marks** in the United States for restaurant and bar services is prior to the Carelli's use of the **SANTUCCI'S** word mark or the **Stylized "S"** design mark at their Warminster location.

40.    Defendants' use of the "Santucci Square Pizza and Restaurant" name, and Defendants' use of the **Stylized "S"** mark, for restaurant services and ancillary products and services that are offered in the same geographic location to the same types of consumers, so resembles SSPP registered **SSPP Marks** for closely related products and services offered within the same industry that it is likely to confuse, mislead, and deceive members of the public into believing that SSPP has allowed, sponsored, approved, or licensed Defendants to provide competing products and services, or that Defendants are in some way connected to or affiliated with SSPP.

41.    Any such confusion would result, and has resulted, in injury or have a direct impact on SSPP's reputation and its ability to promote its own services under the **SSPP Marks**. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation SSPP has established for the services it offers under the **SSPP Marks**.

42.    Defendants' activities are being carried out willfully, with constructive and actual notice of SSPP's prior rights and registrations in and to the **SSPP Marks**.

43.    Defendants are liable for infringement of the federally registered **SSPP Marks** in violation of 15 U.S.C. § 1114.

44.    SSPP is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on their sales of infringing products and services, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling ABF to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

45.    SSPP has been and will continue to be irreparably injured by Defendants' conduct. SSPP cannot be adequately compensated for these injuries by monetary remedies alone, and SSPP

has no adequate remedy at law for Defendants' infringement of its rights. SSPP is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

## COUNT III
### False Designation of Origin and Unfair Competition
### 15 U.S.C. § 1125(a)

46.     ABF hereby repeats and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.     This claim is brought under 15 U.S.C. § 1125(a).

48.     ABF has continuously and extensively used certain of the **ABF Marks** in the United States since at least as early as 1960, and has not abandoned any of its marks.

49.     The **ABF Marks** are each distinctive, commercially strong, and are federally registered.

50.     ABF's use and registration of the **ABF Marks** in the United States for restaurant and bar services is prior to any date upon which the Carelli's can validly rely as the first date on which Defendants used the **SANTUCCI'S** word mark or the **Stylized "S"** design mark.

51.     Defendants' use of **SANTUCCI'S** as part of the "Santucci Square Pizza and Restaurant" name, and Defendants' use of the **Stylized "S"** mark, for restaurant services and ancillary products and services that are offered in the same geographic location to the same types of consumers, so resembles ABF's prior used and registered **ABF Marks** for closely related products and services offered within the same industry that it is likely to confuse, mislead, and deceive members of the public into believing that ABF has allowed, sponsored, approved, or licensed Defendants to provide competing products and services, or that Defendants are in some way connected to or affiliated with ABF.

11

52.     Any such confusion would result in injury or have a direct impact on ABF's reputation and its ability to promote its own services under the **ABF Marks**. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation ABF has established for the services it offers under the **ABF Marks**.

53.     Defendants' activities are being carried out willfully, with constructive and actual notice of ABF's prior rights and registrations in and to the **ABF Marks**.

54.     Defendants are liable for unfair competition in violation of 15 U.S.C. § 1125(a).

55.     ABF is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on its sales of its infringing products and services, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling ABF to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

56.     ABF has been and will continue to be irreparably injured by Defendants' conduct. ABF cannot be adequately compensated for these injuries by monetary remedies alone, and ABF has no adequate remedy at law for Defendants' infringement of its rights. ABF is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

**COUNT VI**
**False Designation of Origin and Unfair Competition**
**15 U.S.C. § 1125(a)**

57.     SSPP hereby repeats and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     This claim is brought under 15 U.S.C. § 1125(a).

59.     SSPP and/or its predecessors in interest have continuously and extensively used certain of the **SSPP Marks** in the United States since at least as early as 2003, and has not abandoned any of its marks.

60.     The **SSPP Marks** are each distinctive, commercially strong, and are federally registered.

61.     SSPP's use and registration of the **SSPP Marks** in the United States for restaurant and bar services is prior to the Carelli's use of the **SANTUCCI'S** word mark or the **Stylized "S"** design mark at their Warminster location.

62.     Defendants' use of **SANTUCCI'S** as part of the "Santucci Square Pizza and Restaurant" name, and Defendants' use of the **Stylized "S"** mark, for restaurant services and ancillary products and services that are offered in the same geographic location to the same types of consumers, so resembles SSPP's prior used and registered **SSPP Marks** for closely related products and services offered within the same industry that it is likely to confuse, mislead, and deceive members of the public into believing that SSPP has allowed, sponsored, approved, or licensed Defendants to provide competing products and services, or that Defendants are in some way connected to or affiliated with SSPP.

63.     Any such confusion would result in injury or have a direct impact on SSPP's reputation and its ability to promote its own services under the **SSPP Marks**. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation ABF has established for the services it offers under the **SSPP Marks**.

64.     Defendants' activities are being carried out willfully, with constructive and actual notice of SSPP's prior rights and registrations in and to the **SSPP Marks**.

65.    Defendants are liable for unfair competition in violation of 15 U.S.C. § 1125(a).

66.    SSPP is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on its sales of its infringing products and services, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling SSPP to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

67.    SSPP has been and will continue to be irreparably injured by Defendants' conduct. SSPP cannot be adequately compensated for these injuries by monetary remedies alone, and SSPP has no adequate remedy at law for Defendants' infringement of its rights.  SSPP is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

## COUNT V
### False Advertising
### 15 U.S.C. § 1125(a)

68.    ABF hereby repeats and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.    This claim is brought under 15 U.S.C. § 1125(a).

70.    Defendants' have made false or misleading statements of fact in connection with promotion and advertising of the Carelli's restaurant, products, and services that have deceived and are likely to deceive consumers which has caused injury to ABF, such statements including, but not limited to, statements made by Defendants' in interviews, on its website, and on social media, improperly associating references to ABF in the media with Defendants.

71.    Such false statements were made in interstate commerce, have been made willfully, and have deceived and are likely to deceive consumers that Defendants are affiliated with,

14

sponsored by, licensed by, or otherwise associated with ABF and/or the **ABF Marks** and/or to purchase the products and/or services of Defendants.

72.     ABF has been injured as a result of the foregoing by a loss of sales and a lessening of its goodwill associated with ABF and the **ABF Marks**.

73.     Defendants are liable for false advertising in violation of 15 U.S.C. § 1125(a).

74.     ABF is entitled to recover damages in an amount to be determined at trial, including profits made by Defendants on its sales of its infringing products and services, and the costs of this action; also, because Defendants' activities are willful, this is an exceptional case entitling ABF to recover treble damages and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

75.     ABF has been and will continue to be irreparably injured by Defendants' conduct. ABF cannot be adequately compensated for these injuries by monetary remedies alone, and ABF has no adequate remedy at law for Defendants' infringement of its rights. ABF is therefore entitled to injunctive relief against Defendants pursuant to 15 U.S.C. § 1116(a).

## COUNT VI
### Common Law Unfair Competition

76.     Plaintiffs' hereby repeat and incorporate the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     The Carelli's aforementioned conduct in connection with its restaurants, services and products, including use of the SANTUCCI'S mark and the stylized "S" and the Carelli's intentional false and misleading public statements, constitutes unfair competition at common law.

78.     The Carelli's conduct has demonstrated an intentional, willful, and malicious intent to engage in such unfair competition under the common law.

79.     Plaintiffs are likely to continue to be irreparably harmed and damaged by the Carelli's acts of unfair competition for which there is no adequate remedy at law, in that Plaintiffs

15

has suffered and will continue to suffer a destruction of their goodwill and reputation, as well as lost sales each time consumers believe that the Carelli's goods and/or services are provided by or otherwise associated with Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ABF Pizza, Inc. and Santucci's Square Pizza & Pasta IV, Inc. respectfully prays for the following relief against Defendants Gene Carelli and Teresa Carelli, as follows:

(a)     An order declaring that Defendants' unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114 and 1125 and Plaintiffs' common law rights;

(b)     An order permanently enjoining and restraining Defendants and those in active concert and participation with Defendants from:

1.     Further infringing, counterfeiting, and/or making any use of the **SANTUCCI'S mark or the Stylized "S" mark,** and any colorable imitations, to advertise, promote, display, sell, or offer any products and services within the restaurant and bar industry;

2.     Representing or suggesting to any third party that Defendants or their products or services are affiliated with, sponsored by, licensed by, or otherwise associated with ABF,  the **ABF Marks, SSPP, or the SSPP marks**; and

3.     Otherwise unfairly competing with Plaintiffs;

(c)     An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any products or services

16

offered by Defendants are authorized by Plaintiffs' or are in any way related to Plaintiffs or Plaintiffs' services;

(d)    An order directing an accounting and judgment be rendered against Defendants for:

        1.    All profits received by Defendants and all damages sustained by Plaintiffs as a result of Defendants' infringement and/or unfair competition, relating to the use of the terms "SANTUCCI'S" or "Santucci Square Pizza and Restaurant" for products and services in the restaurant and bar industry, as provided for in 15 U.S.C. § 1117; and

        2.    An award of treble damages to Plaintiffs for Defendants' willful and deliberate conduct, pursuant to 15 U.S.C. § 1117; and

        3.    An award to Plaintiffs for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117; and

(e)    Any other relief that the Court finds warranted and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues triable by a jury.

Respectfully submitted,

**LAW OFFICE OF TODD M. BALES**

Dated: January 5, 2017

Todd M. Bales (PA ID No. 64465)
11 E. 2nd Street
Media, PA 19063
484.468.1179
484.468.1185 (fax)
toddbales@verizon.net

*AND*

17

John W. McIlvaine (PA ID No. 56773)*
Anthony W. Brooks (PA ID No. 307446)*
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
jmcilvaine@webblaw.com
abrooks@webblaw.com
*Pro Hac Vice Applications Forthcoming

*Attorneys for Plaintiffs*

*Exhibit A*

Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent and Trademark Office

Reg. No. 1,922,656
Registered Sep. 26, 1995

### SERVICE MARK
### PRINCIPAL REGISTER

## SANTUCCI'S ORIGINAL SQUARE PIZZA

SANTUCCI'S ORIGINAL SQUARE PIZZA, INC.
(PENNSYLVANIA CORPORATION)
4019 "O" STREET
PHILADELPHIA, PA 19124

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).
FIRST   USE   6-1-1960;   IN   COMMERCE
6-1-1960.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ORIGINAL SQUARE PIZZA",
APART FROM THE MARK AS SHOWN.

SER. NO. 74-535,976, FILED 6-10-1994.

KEVIN PESKA, EXAMINING ATTORNEY

*Exhibit B*

Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent and Trademark Office

Reg. No. 1,907,754
Registered July 25, 1995

### SERVICE MARK
### PRINCIPAL REGISTER



SANTUCCI'S ORIGINAL SQUARE PIZZA, INC.
  (PENNSYLVANIA CORPORATION)
4019 "O" STREET
PHILADELPHIA, PA 19124

  FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).

FIRST   USE   9-0-1984;   IN   COMMERCE
9-0-1984.

SER. NO. 74-540,595, FILED 6-21-1994.

ELIZABETH A. DUNN, EXAMINING ATTOR-
NEY

*Exhibit C*

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,108,009**

**Registered Dec. 27, 2016**

**Int. Cl.: 43**

**Service Mark**

**Principal Register**

ABF PIZZA, INC. (PENNSYLVANIA CORPORATION)
901 S. 10TH STREET
PHILADELPHIA, PA 19147

CLASS 43: restaurant and bar services

FIRST USE 7-00-2013; IN COMMERCE 7-00-2013

The color(s) red and white is/are claimed as a feature of the mark.

The mark consists of a stylized letter "S" in white font stamped on the design of a red wax seal.

OWNER OF U.S. REG. NO. 1907754

SER. NO. 86-881,053, FILED 01-20-2016
SHAILA E LEWIS, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

*ATTENTION MADRID PROTOCOL REGISTRANTS: The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 901 S. 10th Street, Philadelphia, PA 19147

Address of Defendant: 4010 Cottman Avenue, Philadelphia, PA 9135

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☑ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Todd M. Bates , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/9/18

Attorney-at-Law

Attorney I.D.# 64465

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/9/18

Attorney-at-Law

Attorney I.D.# 64465

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ABF PIZZA INC d/b/a SANTUCCI'S
ORIGINA SQUARE PIZZA and
SANTUCCI'S SQUARE PIZZA + PASTA IV INC

GENE CARELLI and TERESA CARELLI
d/b/a SANTUCCI SQUARE PIZZA +
RESTAURANT

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )

| 1/9/18 | | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-468-1179 | 484-468-1185 | tmb.law@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02